FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D N Y

★ JUL 02 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
PARIS MILLER,

                Plaintiff,

     -against-

C.O. LUMA, C.O. JOHNSON, C.O.
ARIMINI, C.O. GRIEBEL, C.O.
LIBRANDI, C.O. GROSS, CPT. FORD,
SGT. FEERY, C.O. NAUGHTON,
C.O. COUGHLIN, CPL. FRIES, SGT.
FASANO, C.O. INCAMMICIA, DR.
BENJAMIN OKONTA, SUSAN MCDONALD,
C.O. DEL PESI, C.O. HARVEY, C.O.
SULLIVAN, C.O. HEINZ, CPL. LEWIS,
CPL. LANNING, CPL. GILLOOLEY,
SGT. KRUEGER,

                Defendants.
----------------------------------X

ORDER
12-CV-0787(JS)(GRB)

APPEARANCES:
For Plaintiff:    Paris Miller, Pro Se
                  10-A-4070
                  Five Points Correctional Facility
                  State Route 96
                  P.O. Box 119
                  Romulus, NY 14541

For Defendants:   No Appearances

SEYBERT, District Judge:

        Presently before the Court is the Complaint of incarcerated pro se plaintiff Paris Miller ("Plaintiff") brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), accompanied by an application to proceed in forma pauperis. Plaintiff has also moved for the appointment of pro bono counsel to represent him in this case. Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff's financial position qualifies him to commence this

action without prepayment of the Court's filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application in forma pauperis status is granted. However, for the reasons that follow, the Complaint is sua sponte dismissed in part pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when the case is ready for trial.

## BACKGROUND

Plaintiff is no stranger to this Court, having filed a substantially similar in forma pauperis complaint on June 8, 2011. Plaintiff's initial complaint, assigned docket number 11-CV-2770 (SJF)(GRB), named some seventy (70) defendants, all of whom were corrections officers or staff at the Nassau County Correctional Center ("N.C.C.C.") or medical personnel. The Court sua sponte dismissed plaintiff's claims with prejudice as against all but nine (9) of the defendants in the 2011 case, leaving Plaintiff's Section 1983 claims against defendants Johnson, Arimini, Lanning, Librandi, Luma, Gross, Ford, Griebel and Henshaw (see Order, dated July 6, 2011, Feuerstein, D.J.). Plaintiff's remaining claims were ultimately dismissed without prejudice due to the Plaintiff's failure to prosecute his case. See Order, dated December 6, 2011, Feuerstein, D.J. The instant Complaint ("the 2012 Complaint") was

2

then filed in this Court on February 15, 2012.[1]

I.  The 2012 Complaint

Much like his original complaint, Plaintiff alleges that his civil rights have been violated by various staff working at the N.C.C.C. More specifically, Plaintiff alleges that:

> CO Gross & CO Griebel came to my cell & knocked on my plexi-glass cover to my cell and stated 'stand up,' as I lie on my bed in my cell. As I did CO Gross who was holding a can of large pepper spray sprayed me in my face & eyes. I immediately screamed out in pain & put my head in my toilet which only activated this pepper spray to feel even far more burning . . . .

Compl. at ¶ II.D. Plaintiff claims that he was taken to the shower area on his floor, B3D Block, so he could wash his face, but the officers "set me up" because only "burning hot water [] comes out of this shower head." Id. Plaintiff acknowledges that he was taken to the medical unit about ten or fifteen minutes later where he was permitted to wash his face with cold water. Id.

Plaintiff next describes that, "[o]n 8/2/09 CO Del Pesi denied feeding me my turkey dinner meal & stole & discarded my meal tray which caused me to get upset & go on a hunger strike that lasted until 8/13/09." Id. As a result of his allegedly self-imposed hunger strike, plaintiff claims to have "dropped from 210

---

[1] The Court notes that this case was originally assigned to Judge Feuerstein pursuant to Rule 50.3(e) of the Guidelines for the Division of Business Among District Judges. However, by Order of Recusal dated June 13, 2012, this case was randomly reassigned to the undersigned.

3

pds [sic] on 5/22/09 when I 1st got to NCCC to being as low as 162 pds [sic] when weighed at Nassau University Medical Center on 1/3/10 due to poor health & mental anguish." Compl. at ¶ III. Plaintiff also alleges that COs Naughton, Arimini and Coughlin "gave away my entire Thanksgiving lunch & dinner (double portions) to [another inmate] [] that CO Naughton has known since he was 16 years old . . . ." Compl. at ¶ IV. E (3).

According to the Complaint, Dr. Benjamin Okonta visited Plaintiff because Plaintiff had not been eating and Plaintiff requested that Dr. Okonta instruct the corrections officers to provide Plaintiff with double portions of food to make up for the days Plaintiff had gone without eating. Id. Plaintiff claims that although Dr. Okonta agreed, "Cpt. Ford biasly [sic] intimidated him not to put my [sic] on double portions. He [Cpt. Ford] warned him [Dr. Okonta] and Susan McDonald the dietician not to do this & they all biasly [sic] denied me this medical dietary need." Id. Plaintiff also claims that, on January 13, 2010, he "fell in the shower and scarred my knee due to being dehydrated after I went on a hunger strike due to the abusive treatment of me by the B3D Block Correctional Staff at NCCC . . . ." Compl. at ¶ IV.F.1.

On December 21, 2009, Plaintiff claims that "CO Luma tore up my brand new Bible sent to me by Jehovah's Witnesses after CO Librandi seize[d] [it]. . . ." Id. Further, Plaintiff claims that

> CO Johnson stole my manila legal envelope of
> the mailbox with my motions on my small claims

4

> case against NCCC . . . [and] [h]e gave this
> envelope to Cpl. Lanning who tore it open &
> threw the paperwork into an area of water near
> my cell. These CO[s] along with Sgt Feery &
> Sgt Krueger had shared in tearing up my manila
> envelopes to harass me & starved me out by
> stealing and destroying my double portions
> diet that I eventually got on November 10,
> 2009.

Id.

According to the Complaint, CO Incammicia, along with Sgt. Feery, Sgt. Kruger, CO Johnson, CO Gross, and CO Griebel, were involved in "stealing my double portion meal trays" and "forced me to eat only cheese sandwiches at meal times or drink water." Id. Plaintiff also complains that these defendants, together with Cpl. Gillooley "messed up my court dates." Id.

Plaintiff also alleges that, on October 27, 2009, he "suffered prison rape by staff voyeurism [] after a preposterous strip search done on me by Sgt. Feery, CO Naughton, CO Johnson, CO Gross & CO Arimini who then walked me back to my cell entirely naked in front of all the inmates to embarass & disgrace & shame me." Id.

As a result of the foregoing, seeks to recover seven million dollars ($7,000,000), as well as for

> the court to accept my 1983 federal claim
> against all of the officers noted in my claim
> & to grant me a hearing at the U.S. Eastern
> District Court at 100 Federal Plaza, Central
> Islip, N.Y. I'd also like for the U.S.
> Justice Dept for NYS Eastern District to be
> sent copies of my federal civil complaint so
> that they could consider prosecuting these

5

correctional staff members federally for violating my civil rights as crimes as well.

Compl. at ¶ V.

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is granted.

II. <u>The Prison Litigation Reform Act</u>

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. 1915A(a) & (b); <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that the Court is required to read the Plaintiff's <u>pro se</u> complaint liberally, <u>see</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d

251 (1976)), and to construe it "'to raise the strongest arguments'" suggested. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Harris v. City of N.Y., 607 F.3d 18, 24 (2d Cir. 2010)); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

A complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

7

III. <u>Section 1983</u>

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Rae v. County of Suffolk</u>, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999).

A. <u>Personal Involvement</u>

In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. <u>Farid v. Ellen</u>, 593 F.3d 233, 249 (2d Cir. 2010) (quoting <u>Farrell v. Burke</u>, 449 F.3d 470, 484 (2d Cir. 2006)). The Supreme Court held in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable

8

to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

"Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010).

Here, although Plaintiff names Cpl. Fries, Sgt. Fasano, CO Harvey, CO Sullivan, CO Heinz and Cpl. Lewis as defendants, the Complaint is wholly devoid of any allegations of personal involvement by any of these individuals in any of the alleged conduct underlying Plaintiff's Section 1983 claim. Though Plaintiff names these Defendants in the caption of his Complaint, they are not again mentioned in the body of the Complaint. In the absence of any allegations against these Defendants, the Court

9

cannot reasonably construe Plaintiff's Complaint to allege the personal involvement of any of these Defendants in any unconstitutional conduct of which Plaintiff purports to complain. Given the absence of any factual allegations concerning these Defendants, Plaintiff fails to state a plausible Section 1983 claims against them. Accordingly, Plaintiff's Section 1983 claims against Defendants Cpl. Fries, Sgt. Fasano, CO Harvey, CO Sullivan, CO Heinz and Cpl. Lewis are implausible and are dismissed with prejudice pursuant 28 U.S.C. §§ 1915(e)(2)(B)(iii); 1915A(b)(2) **unless Plaintiff files an Amended Complaint which properly states any viable Section 1983 claims against these Defendants within thirty (30) days from the date that this Order is served upon him.**

B.  Section 1983 Claims Against the Remaining Defendants

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against the remaining Defendants, CO Luma, CO Johnson, CO Arimini, CO Griebel, CO Librandi, CO Gross, Cpt. Ford, Sgt. Feery, CO Naughton, CO Coughlin, CO Incammicia, Dr. Okonota, Susan McDonald, CO Del Pesi, Cpl. Lanning, Cpl. Gillooley, and Sgt. Kruger. Accordingly, the Court orders that a summons be issued for each of these Defendants and that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of the summonses, the Complaint, and this Order for service on these Defendants.

10

III. Application for Appointment of Pro Bono Counsel

28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." Courts possess substantial discretion to determine whether appointment of counsel for civil litigants is appropriate, Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003), "subject to the requirement that [they] be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)).

When deciding whether to appoint counsel to an indigent civil litigant under § 1915(e)(1), the threshold inquiry is whether there is "some likelihood of merit" to the litigant's position. Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chance of prevailing are therefore poor."); see also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) (stating that "the district judge should first determine whether that indigent's position seems likely to be of substance").

If the threshold showing has been met, the court should next consider the following prudential factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the

11

> case, the complexity of the legal issues and
> any special reason in that case why appointment
> of counsel would be more likely to lead to a
> just determination.

Hodge, 802 F.2d at 61-62; see also Johnston, 606 F.3d at 42 (applying the Hodge factors); Carmona, 243 F.3d at 632 (holding that "[o]nly after an initial finding that a claim is likely one of substance, will we consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not exclusive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

Upon review of Plaintiff's application and his Complaint, the appointment of pro bono counsel is not warranted at this stage of the litigation. The likelihood of merit to Plaintiff's claims is dubious and the legal issues presented in this case are not particularly complex, Plaintiff appears capable of preparing and presenting his case, and there is no special reason to appoint counsel at this time. Accordingly, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice and may be renewed when this case is trial ready, if warranted. In the interim, Plaintiff must either retain counsel or proceed pro se.

## CONCLUSION

For the reasons set forth above, Plaintiff's application

to proceed in forma pauperis is granted. **Plaintiff's claims against defendants CPL Fries, Sgt. Fasano, CO Harvey, CO Sullivan, CO Heinz and CPL Lewis are sua sponte dismissed with prejudice unless plaintiff files an amended complaint which properly states any viable Section 1983 claims against these defendants within thirty (30) days from the date that this order is served upon him.** The Clerk of the Court shall forward to the United States Marshal for the Eastern District of New York copies of the summonses, the Complaint, and this Order for service upon Defendants CO Luma, CO Johnson, CO Arimini, CO Griebel, CO Librandi, CO Gross, Cpt. Ford, Sgt. Feery, CO Naughton, CO Coughlin, CO Incammicia, Dr. Okonota, Susan McDonald, CO Del Pesi, Cpl. Lanning, Cpl. Gillooley, and Sgt. Kruger without prepayment of the filing fees. Plaintiff's application for the appointment of pro bono counsel is denied with leave to renew when this case is ready for trial, if warranted at such time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Dated: July 2, 2012          Joanna Seybert, U.S.D.J.
Central Islip, New York

13